**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ABLE HOME HEALTH, LLC, | ) | |
| on behalf of plaintiff and | ) | |
| the class members defined herein, | ) | |
| | ) | |
| Plaintiff, | ) | 16-cv-1857 |
| | ) | |
| v. | ) | |
| | ) | |
| NORTHWEST THERAPY INC., | ) | |
| NORTHWEST THERAPY OF ILLINOIS, INC., | ) | |
| and JOHN DOES 1-10, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT  – CLASS ACTION

### MATTERS COMMON TO MULTIPLE COUNTS

### INTRODUCTION

1.      Plaintiff Able Home Health, LLC brings this action to secure redress for the

actions of defendants Northwest Therapy Inc. and Northwest Therapy of Illinois, Inc. in sending

or causing the sending of unsolicited advertisements to telephone facsimile machines in violation

of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA"), the Illinois Consumer

Fraud Act, 815 ILCS 505/2 ("ICFA"), and the common law.

2.      The TCPA expressly prohibits unsolicited fax advertising.  Unsolicited fax

advertising damages the recipients.  The recipient is deprived of its paper and ink or toner and

the use of its fax machine.  The recipient also wastes valuable time it would have spent on

something else.  Unsolicited faxes prevent fax machines from receiving and sending authorized

faxes, cause wear and tear on fax machines, and require labor to attempt to identify the source

1

and purpose of the unsolicited faxes.

## PARTIES

3.　　Plaintiff Able Home Health, LLC is a limited liability company chartered under Illinois law with offices in the Northern District of Illinois, where it maintains telephone facsimile equipment.  Its members are Illinois residents.

4.　　Defendant Northwest Therapy Inc. is an Illinois corporation.  Its registered agent and office is Andrew Cholowicz, 8028 N. Milwaukee Ave., Ste. B, Niles, Illinois 60714.

5.　　Defendant Northwest Therapy of Illinois, Inc. is an Illinois corporation.  Its registered agent and office is Andrew Cholowicz, 8028 N. Milwaukee Ave., Ste. B, Niles, Illinois 60714.

6.　　Defendants John Does 1-10 are other natural or artificial persons that were involved in the sending of the facsimile advertisements described below.  Plaintiff does not know who they are.

## JURISDICTION AND VENUE

7.　　This Court has jurisdiction under 28 U.S.C. §§1331 and 1367.　*Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740, 751-53 (2012); *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446  (7th Cir. 2005).

8.　　Personal jurisdiction exists under 735 ILCS 5/2-209, in that defendants:

　　a.　　Have committed tortious acts in Illinois by causing the transmission of unlawful communications into the state.

　　b.　　Have transacted business in Illinois.

　　c.　　Defendants are located in Illinois.

2

9.      Venue in this District is proper for the same reason.

**FACTS**

10.      On October 13, 2015, plaintiff Able Home Health, LLC  received the unsolicited fax advertisement attached as Exhibit A on its facsimile machine.

11.      On January 14, 2016, plaintiff Able Home Health, LLC  received the unsolicited fax advertisement attached as Exhibit B on its facsimile machine.

12.      Discovery may reveal the transmission of additional faxes as well.

13.      Defendants Northwest Therapy Inc. and Northwest Therapy of Illinois, Inc. are responsible for sending or causing the sending of the faxes.

14.      Defendants Northwest Therapy Inc. and Northwest Therapy of Illinois, Inc.  as the entities whose products or services were advertised in the faxes, derived economic benefit from the sending of the faxes.

15.      Defendants Northwest Therapy Inc. and Northwest Therapy of Illinois, Inc. either negligently or wilfully violated the rights of plaintiff and other recipients in sending the faxes.

16.      Plaintiff had no prior relationship with defendants and had not authorized the sending of fax advertisements to plaintiff.

17.      The faxes do not contain an "opt out" notice that complies with 47 U.S.C. §227.

18.      The TCPA makes unlawful the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine ..." 47 U.S.C. §227(b)(1)(C).

19.      The TCPA provides for affirmative defenses of consent or an established business

relationship.  Both defenses are conditioned on the provision of an opt out notice that complies with the TCPA.  *Holtzman v. Turza*, 728 F.3d 682 (7th Cir. 2013); *Nack v. Walburg*, 715 F.3d 680 (8th Cir. 2013).

20.     On information and belief, the faxes attached hereto were sent as part of a mass broadcasting of faxes.

21.     On information and belief, defendants have transmitted similar fax advertisements to at least 40 other persons in Illinois.

22.     There is no reasonable means for plaintiff or other recipients of defendants' advertising faxes to avoid receiving illegal faxes.  Fax machines must be left on and ready to receive the urgent communications authorized by their owners.

## COUNT I – TCPA

23.     Plaintiff incorporates ¶¶ 1-22.

24.     The TCPA,  47 U.S.C. §227(b)(3), provides:

**Private right of action.**

**A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State–**

> **(A)  an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,**

> **(B)  an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or**

> **(C)  both such actions.**

**If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of**

**this paragraph.**

25.     Plaintiff and each class member suffered damages as a result of receipt of the faxes, in the form of paper and ink or toner consumed as a result.  Furthermore, plaintiff's statutory right of privacy was invaded.

26.     Plaintiff and each class member is entitled to statutory damages.

27.     Defendants violated the TCPA even if their actions were only negligent.

28.     Defendants should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

29.     Pursuant to Fed.R.Civ.P. 23(a) and (b)(3), plaintiff brings this claim on behalf of a class, consisting of (a) all persons with fax numbers (b) who, on or after a date four years prior to the filing of this action (28 U.S.C. §1658), (c) were sent faxes by or on behalf of defendants Northwest Therapy Inc. and/or Northwest Therapy of Illinois, Inc. promoting their goods or services for sale (d) and which did not contain an opt out notice as described in 47 U.S.C. §227.

30.     The class is so numerous that joinder of all members is impractical.  Plaintiff alleges on information and belief that there are more than 40 members of the class.

31.     There are questions of law and fact common to the class that predominate over any questions affecting only individual class members.  The predominant common questions include:

    a.  Whether defendants engaged in a pattern of sending unsolicited fax advertisements;

    b.  Whether defendants thereby violated the TCPA;

    c.  Whether defendants thereby engaged in unfair  acts and practices, in

violation of the ICFA.

  d.  Whether defendants thereby converted the property of plaintiff.

  e.  Whether defendants thereby created a private nuisance.

  f.  Whether defendants thereby committed a trespass to chattels.

  32.  Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

  33.  Plaintiff's claims are typical of the claims of the class members. All are based on the same factual and legal theories.

  34.  A class action is the superior method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

  35.  Several courts have certified class actions under the TCPA. *Holtzman v. Turza*, 08 C 2014, 2009 WL 3334909, 2009 U.S. Dist. LEXIS 95620 (N.D.Ill., Oct. 14, 2009), aff'd in relevant part, 728 F.3d 682 (7th Cir. 2013); *Sadowski v. Med1 Online, LLC*, 07 C 2973, 2008 WL 2224892, 2008 U.S. Dist. LEXIS 41766 (N.D.Ill., May 27, 2008); *CE Design Ltd. v Cy's Crabhouse North, Inc.*, 259 F.R.D. 135 (N.D.Ill. 2009); *Targin Sign Sys. v Preferred Chiropractic Ctr., Ltd.*, 679 F. Supp. 2d 894 (N.D.Ill. 2010); *Garrett v. Ragle Dental Lab, Inc.*, 10 C 1315, 2010 U.S. Dist. LEXIS 108339, 2010 WL 4074379 (N.D.Ill., Oct. 12, 2010); *Hinman v. M & M Rental Ctr.*, 545 F.Supp. 2d 802 (N.D.Ill. 2008); *Clearbrook v. Rooflifters,*

*LLC*, 08 C 3276, 2010 U.S. Dist. LEXIS 72902 (N.D. Ill. July 20, 2010) (Cox, M.J.); *G.M. Sign, Inc. v. Group C Communs., Inc*., 08 C 4521, 2010 WL 744262, 2010 U.S. Dist. LEXIS 17843 (N.D. Ill. Feb. 25, 2010); *Kavu, Inc. v. Omnipak Corp.,* 246 F.R.D. 642 (W.D.Wash. 2007); *Display South, Inc. v. Express Computer Supply, Inc.,* 961 So.2d 451, 455 (La. App. 1st Cir. 2007); *Display South, Inc. v. Graphics House Sports Promotions, Inc.*, 992 So. 2d 510 (La. App. 1st Cir. 2008); *Lampkin v. GGH, Inc.*, 146 P.3d 847 (Ok. App. 2006); *ESI Ergonomic Solutions, LLC v. United Artists Theatre Circuit, Inc.*, 203 Ariz. (App.) 94, 50 P.3d 844 (2002); *Core Funding Group, LLC v. Young*, 792 N.E.2d 547 (Ind.App. 2003); *Critchfield Physical Therapy v. Taranto Group, Inc.*, 293 Kan. 285; 263 P.3d 767 (2011); *Karen S. Little, L.L.C. v. Drury Inns. Inc.,* 306 S.W.3d 577 (Mo. App. 2010).

36.     Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

a.      Actual damages;

b.      Statutory damages;

c.      An injunction against the further transmission of unsolicited fax advertisements;

d.      Costs of suit;

e.      Such other or further relief as the Court deems just and proper.

## COUNT II – ILLINOIS CONSUMER FRAUD ACT

37.     Plaintiff incorporates ¶¶ 1-22.

38.     Defendants engaged in unfair acts and practices, in violation of ICFA § 2, 815 ILCS 505/2, by sending fax advertising to plaintiff and others.

39.     Defendants engaged in an unfair practice by engaging in conduct that is contrary to public policy, unscrupulous, and caused injury to recipients of their advertising.

40.     Plaintiff and each class member suffered damages as a result of receipt of the unsolicited faxes, in the form of paper and ink or toner consumed as a result.

41.     Defendants engaged in such conduct in the course of trade and commerce.

42.     Defendants' conduct caused recipients of their advertising to bear the cost thereof. This gave defendants an unfair competitive advantage over businesses that advertise lawfully, such as by direct mail.  For example, an advertising campaign targeting one million recipients would cost $500,000 if sent by U.S. mail but only $20,000 if done by fax broadcasting.  The reason is that instead of spending $480,000 on printing and mailing his ad, the fax broadcaster misappropriates the recipients' paper and ink.  "Receiving a junk fax is like  getting junk mail with the postage due".   Remarks of Cong. Edward Markey, 135 Cong Rec E 2549, Tuesday, July 18, 1989, 101st Cong. 1st Sess.

43.     Defendants' shifting of advertising costs to plaintiff and the class members in this manner makes such practice unfair.  In addition, defendants' conduct was contrary to public policy, as established by the TCPA and Illinois statutory and common law.

44.     Defendants should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

45.     Pursuant to Fed.R.Civ.P. 23(a) and (b)(3), plaintiff brings this claim on behalf of a class, consisting of (a) all persons with Illinois fax numbers (b) who, on or after a date three years prior to the filing of this action, (c) were sent faxes by or on behalf of defendants Northwest Therapy Inc. and/or Northwest Therapy of Illinois, Inc. promoting their goods or services for sale (d) and which did not contain an opt out notice as described in 47 U.S.C. §227.

46.     The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

47.     There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

> a.      Whether defendants engaged in a pattern of sending unsolicited fax advertisements;
>
> b.      Whether defendants thereby violated the TCPA;
>
> c.      Whether defendants thereby engaged in unfair acts and practices, in violation of the ICFA.
>
> d.      Whether defendants thereby converted the property of plaintiff.
>
> e.      Whether defendants thereby created a private nuisance.
>
> f.      Whether defendants thereby committed a trespass to chattels.

48.     Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor plaintiff's counsel have any interests which might cause them not

to vigorously pursue this action.

49.     Plaintiff's claims are typical of the claims of the class members.  All are based on the same factual and legal theories.

50.     A class action is the superior method for the fair and efficient adjudication of this controversy.  The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

51.     Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

        WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

        a.      Appropriate damages;

        b.      An injunction against the further transmission of unsolicited fax advertising;

        c.      Attorney's fees, litigation expenses and costs of suit;

        d.      Such other or further relief as the Court deems just and proper.

## COUNT III – CONVERSION

52.     Plaintiff incorporates ¶¶ 1-22.

53.     By sending plaintiff and the class members unsolicited faxes, defendants converted to their own use ink or toner and paper belonging to plaintiff and the class members.

54.     Immediately prior to the sending of the unsolicited faxes, plaintiff and the class members owned and had an unqualified and immediate right to the possession of the paper and

ink or toner used to print the faxes.

55.    By sending the unsolicited faxes, defendants appropriated to their  own use the paper and ink or toner used to print the faxes and used them in such manner as to make them unusable.  Such appropriation was wrongful and without authorization.

56.    Defendants knew or should have known that such  appropriation of the paper and ink or toner was wrongful and without authorization.

57.    Plaintiff and the class members were deprived of the paper and ink or toner, which could no longer be used for any other purpose.   Plaintiff and each class member thereby suffered damages as a result of receipt of the unsolicited faxes.

58.    Defendants should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

59.    Pursuant to Fed.R.Civ.P. 23(a) and (b)(3), plaintiff brings this claim on behalf of a class, consisting of (a) all persons with Illinois fax numbers (b) who, on or after a date five years prior to the filing of this action, (c) were sent faxes by or on behalf of defendants Northwest Therapy Inc. and/or Northwest Therapy of Illinois, Inc. promoting their goods or services for sale (d) and which did not contain an opt out notice as described in 47 U.S.C. §227.

60.    The class is so numerous that joinder of all members is impractical.  Plaintiff alleges on information and belief that there are more than 40 members of the class.

61.    There are questions of law and fact common to the class that predominate over any questions affecting only individual class members.  The predominant common questions include:

    a.    Whether defendants engaged in a pattern of sending unsolicited fax

advertisements;

b.     Whether defendants thereby violated the TCPA;

c.     Whether defendants thereby engaged in unfair acts and practices, in violation of the ICFA.

d.     Whether defendants thereby converted the property of plaintiff.

e.     Whether defendants thereby created a private nuisance.

f.     Whether defendants thereby committed a trespass to chattels.

62.     Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices.  Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

63.     Plaintiff's claims are typical of the claims of the class members.  All are based on the same factual and legal theories.

64.     A class action is the superior method for the fair and efficient adjudication of this controversy.  The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

65.     Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter  judgment in favor of plaintiff and the class and against defendants for:

a.     Appropriate  damages;

b.      An injunction against the further transmission of unsolicited fax

advertisements;

c.      Costs of suit;

d.      Such other or further relief as the Court deems just and proper.

## COUNT IV – PRIVATE NUISANCE

66.     Plaintiff incorporates ¶¶ 1-22.

67.     Defendants' sending plaintiff and the class members unsolicited faxes was an

unreasonable invasion of the property of plaintiff and the class members and constitutes a private

nuisance.

68.     Congress determined, in enacting the TCPA, that the prohibited conduct was a

"nuisance." *Universal Underwriters Ins. Co. v. Lou Fusz Automotive Network, Inc.*, 401 F.3d

876, 882 (8th Cir. 2005).

69.     Defendants acted either intentionally or negligently in creating the nuisance.

70.     Plaintiff and each class member suffered damages as a result of receipt of the

unsolicited faxes.

71.     Defendants should be enjoined from continuing its nuisance.

## CLASS ALLEGATIONS

72.     Pursuant to Fed.R.Civ.P. 23(a) and (b)(3), plaintiff brings this claim on behalf of

a class, consisting of (a) all persons with Illinois fax numbers,  (b) who, on or after a date five

years prior to the filing of this action, (c) were sent faxes by or on behalf of defendants

Northwest Therapy Inc. and/or Northwest Therapy of Illinois, Inc. promoting their goods or

services for sale (d) and which did not contain an opt out notice as described in 47 U.S.C. §227.

13

73.     The class is so numerous that joinder of all members is impractical.  Plaintiff alleges on information and belief that there are more than 40 members of the class.

74.     There are questions of law and fact common to the class that predominate over any questions affecting only individual class members.  The predominant common questions include:

a.     Whether defendants engaged in a pattern of sending unsolicited fax advertisements;

b.     Whether defendants thereby violated the TCPA;

c.     Whether defendants thereby engaged in unfair acts and practices, in violation of the ICFA.

d.     Whether defendants thereby converted the property of plaintiff.

e.     Whether defendants thereby created a private nuisance.

f.     Whether defendants thereby committed a trespass to chattels.

75.     Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices.  Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

76.     Plaintiff's claims are typical of the claims of the class members.  All are based on the same factual and legal theories.

77.     A class action is the superior method for the fair and efficient adjudication of this controversy.  The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring

individual actions.

78.     Management of this class action is likely to present significantly fewer difficulties

that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter  judgment in favor of

plaintiff and the class and against defendants for:

a.     Appropriate  damages;

b.     An injunction against the further transmission of unsolicited fax

advertisements;

c.     Costs of suit;

d.     Such other or further relief as the Court deems just and proper.

## COUNT V – TRESPASS TO CHATTELS

79.     Plaintiff incorporates ¶¶ 1-22.

80.     Plaintiff and the class members were entitled to possession of the equipment they

used to receive faxes.

81.     Defendants' sending plaintiff and the class members unsolicited faxes interfered

with their use of the receiving equipment and constitutes a trespass to such equipment.  *Chair

King v. Houston Cellular*, 95cv1066, 1995 WL 1693093 at *2 (S.D. Tex. Nov. 7, 1995) (denying

a motion to dismiss with respect to plaintiff's trespass to chattels claim for unsolicited faxes),

vacated on jurisdictional grounds 131 F.3d 507 (5th Cir. 1997).

82.     Defendants acted either intentionally or negligently in engaging in such conduct.

83.     Plaintiff and each class member suffered damages as a result of receipt of the

unsolicited faxes.

15

84.  Defendants should be enjoined from continuing trespasses.

## CLASS ALLEGATIONS

85.  Pursuant to Fed.R.Civ.P. 23(a) and (b)(3), plaintiff brings this claim on behalf of a class, consisting of (a) all persons with Illinois fax numbers (b) who, on or after a date five years prior to the filing of this action, (c) were sent faxes by or on behalf of defendants Northwest Therapy Inc. and/or Northwest Therapy of Illinois, Inc. promoting their goods or services for sale (d) and which did not contain an opt out notice as described in 47 U.S.C. §227.

86.  The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

87.  There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

    a.  Whether defendants engaged in a pattern of sending unsolicited fax advertisements;

    b.  Whether defendants thereby violated the TCPA;

    c.  Whether defendants thereby engaged in unfair acts and practices, in violation of the ICFA.

    d.  Whether defendants thereby converted the property of plaintiff.

    e.  Whether defendants thereby created a private nuisance.

    f.  Whether defendants thereby committed a trespass to chattels.

88.  Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business

16

practices.  Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

89.     Plaintiff's claims are typical of the claims of the class members.  All are based on the same factual and legal theories.

90.     A class action is the superior method for the fair and efficient adjudication of this controversy.  The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

91.     Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

                WHEREFORE, plaintiff requests that the Court enter  judgment in favor of plaintiff and the class and against defendants for:

        a.        Appropriate  damages;

        b.        An injunction against the further transmission of unsolicited fax advertisements;

        c.        Costs of suit;

        d.        Such other or further relief as the Court deems just and proper.


                                s/ Daniel A. Edelman
                                Daniel A. Edelman


Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Heather Kolbus

17

EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

## <u>NOTICE OF LIEN AND ASSIGNMENT</u>

Please be advised that we claim a lien upon any  recovery herein for 1/3 or such amount as a court awards.   All rights relating to attorney's fees have been assigned to counsel.


<u>s/ Daniel A. Edelman</u>
Daniel A. Edelman


Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
      & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)